UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
JAMES BONINI
CLERK

2005 JUN -2 P 4: 28

|  |  |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION<br><br>Plaintiff,<br><br>HUNTINGTON BANCSHARES, INC., THOMAS E. HOAGLIN, MICHAEL J. MCMENNAMIN, and JOHN VAN FLEET,<br><br>Defendants. | CIVIL ACTION NO.<br>2:05 cv 538<br><br>JUDGE HOLSCHUH<br><br>MAGISTRATE JUDGE KING |

## FINAL JUDGMENT AS TO DEFENDANT THOMAS E. HOAGLIN

The Securities and Exchange Commission (the "Commission") having filed a Complaint and Defendant Thomas E. Hoaglin having entered a general appearance in the attached Consent of Defendant Thomas E. Hoaglin ("Consent"); consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $150,000.00 pursuant to Section 21(d)(3) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(3)]. Defendant shall make this payment within ten (10)

business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Thomas E. Hoaglin as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall send a copy of the cover letter and money order, check or United States postal money order to Alan M. Lieberman, Assistant Chief Litigation Counsel, Division of Enforcement, Securities and Exchange Commission, 450 5th Street N.W., Washington, D.C. 20549-0911. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

All such civil money penalties may be distributed pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002 ("Fair Fund distribution"). Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil money penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction in any Related Investor Action based on the Defendant's payment of disgorgement in the related administrative proceeding, argue that he is entitled to, nor shall he further benefit by offset or reduction of any part of his payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair

2

Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this proceeding. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against any Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: June 2, 2005

John D. Holschuh
UNITED STATES DISTRICT JUDGE